MIDDLE DISTRICT OF FLORIDA
IN THE UNITED STATES DISTRICT COURT
ORLANDO DIVISION

KATIE ROMANO;

    Plaintiff,  CIVIL ACTION NO. 6:23-cv-1293

vs.

TD BANK, N.A.;  JURY TRIAL DEMANDED
TARGET ENTERPRISE, INC.:
RAS LAVAR, LLC.;

    Defendants.
_____/

## COMPLAINT

Plaintiff sues the Defendants as follows:

1. Plaintiff has standing to bring suit as a consumer/borrower under 15 U.S.C. §1692 a(3), Fair Debt Collection Practices Act [FDCPA], 15 U.S.C. § 1640 *et seq*, Truth in Lending Act [TILA] and the Florida Consumer Protection Practices Act, Fla. Stat. §§ 559.55 (8) on her Credit Account at issue obtained "primarily for personal, family, or household purposes" U.S.C. §1692 a(5).

2. Defendant TD is a national bank, with its principal place of business in New Jersey whose account servicer is Defendant TEI, its affiliate.

3. Defendant RAS is a law firm, with its principal place of business in Florida, a debt collector per 15 U.S.C. §1692 a (6) with its counsel below.

1

4. Per 28 U.S.C. § 1331, jurisdiction exists per 15 U.S.C. §§1692 (k) and the Florida Consumer Collection Practices Act. Fla. Stat. §§ 559.00 *et seq*.

5. Supplemental jurisdiction exists over all claims under § 1367.

6. Venue is proper per §1391 (b) and (d) as Defendants conduct business here where the acts and omissions at issue occurred which they ratified.

### Facts as to the Account

6. On 11/30/22, TD filed an Action through RAS against Plaintiff, Seminole County Court, Case No. 2022-cc-004762 by a Complaint.

7. The Complaint states it is an action for 'account stated" and "for damages which exceed $8,000 but do not exceed $30,000.00 [Complaint ¶¶ 1].

8. The Complaint states that Plaintiff "made purchases or effected cash advances through use of Target Credit Card obtained from the Plaintiff on account number XXXXXXXXXXXX" [Complaint ¶¶ 2].

9. The Complaint states Plaintiff and TD "had business transactions between them and agreed to the resulting balance" [Complaint ¶¶ 3].

10. The Complaint alleges that TD "rendered a statement of account" to Plaintiff and she "owes $10099.93 that is due" to TD [Complaint ¶¶ 4-5].

11. The Complaint includes several statements from Target for the sums allegedly due and owing by Plaintiff to Defendants [Complaint Exhibit A].

12. The Complaint lacks an agreement for the Account under Fla. Stat. 687.0304, which is in writing, expresses consideration, sets forth its relevant terms and conditions, *and is signed by the creditor and the debtor.*

13. There is no such agreement as to the Account filed in the Action.

14. No attorney made a meaningful review of the Complaint or the other documents in the Action on the Account detailed below on information and belief.

15. It appears that Defendants' processes are AI-driven for the purposes of profit, akin to a conveyor belt, without any meaningful legal review.

16. Meaningful review of the Complaint and other documents in the Action would have discovered they are replete with legal errors and omissions.

17. The Complaint and other documents in the Action are "communications" as defined by the FDCPA and FCCPA.

18. This same misconduct existed in Case No. 6:17-cv-01834, settled by RAS in this Court for which they offered no legal justification.

**Facts as to the Action**

19. On 12/22/22, Plaintiff was served with the Action by Defendants.

20. On 01/18/23, counsel filed his appearance in the Action for Plaintiff as Defendants knew, whose counsel was served with that notice at that time.

21. On 03/08/23, Defendants filed a baseless Motion for "entry of default" in the Action, alleging that Plaintiff was in "default" [Motion pp. 1].

22. On 03/8/23, Defendants filed a baseless Motion for "Final" Default Judgement alleging Plaintiff "failed to reply" to the Action and that a "Judgment should therefore be entered for relief requested in the Complaint [Motion pp. 1].

23. On 03/08/23 Defendants filed a "Certification" of Costs for $385.85

24. On 03/08/23, Defendants filed a "Affidavit" to "support their request for judgment" in the Action which states the Account was "originated" by Plaintiff, which TD "has the right to collect" and TEI [Target Enterprise] "services and maintains the business records" for the Account on behalf of TD [Affidavit ¶¶ 2].

25. The Affidavit states Plaintiff "breached its account and the credit card is in default," was "charged off" and Plaintiff is "indebted" for its "balance due and owing of 10,099.93" as "overdue and underpaid." [Affidavit ¶¶ 5 (e) and (f)].

26. Defendants mailed the above motions and documents in the Action directly to Plaintiff, utterly ignoring her counsel, which all state as follows:

> *[sent] via US mail to KATIE E ROMANO, 1245 ACADEMY DR , ALTAMONTE SPRINGS FL 32714-2826.*

27. The Motions violate Fla. R. Civ P. 1.500 (a) by not requesting entry of default and final default, but were illegally filed at the *same* time.

28. The Motions and supporting documents were not served properly on Plaintiff's counsel but were instead illegally served upon Plaintiff directly.

29. On 03/09/23, Plaintiff filed her Motion to Dismiss or Strike the Action which raises the instant issues and which remains pending.

30. On 04/07/23, Plaintiff served her Requests for Admissions on the instant matters in the Action to which Defendants failed to respond and admitted.

31. On 04/17/23, Defendants filed a "Notice of Filing" referencing an alleged Agreement for the Account.

32. The alleged Agrement cites an illegible "signature" of Plaintiff alone and is unsigned by Target, TD or TEL as required by law.

33. The alleged Agreement lacks a maximum credit limit for the account as required by law.

34. The Affidavit included additional alleged statements on the Account.

35. None of the documents filed by Defendants in the Action regarding the Account states they may be disputed by the Plaintiff in violation of the law.

36. All conditions precedent to suit to occurred, are fulfilled, or waived, or their occurrence or fulfillment was unnecessary or futile.

### COUNT I: FDCPA AGAINST RAS

37. ¶¶ 1-36 are incorporated.

38. Defendant RAS misrepresented the right of TD and TEI to collect on the Account in the Complaint and other documents referenced above.

39. The Agrement does not comply with Fla. Stat. § 687.0304, which provides a creditor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor as Defendants admitted.

40. The Agrement lacks mention of a specific amount for its maximum credit limit under 15 U.S.C. § 1637(a).

41. The Agrement was illegal and unenforceable in the Action.

42. The documents in the Action were intended by RAS for the purpose of illegally enforcing and collecting the Account per its false statements of its "default" to Plaintiff. 15 U.S.C. §§ 1692e (2) (a)

43. RAS's erroneous documents in the Action are "false, deceptive, or misleading representation" to collect the unenforceable Account under 15 U.S.C. §§ 1692e (10), violated § 1692f and were an "unfair or unconscionable means to collect or attempt to collect" the Account under 15 U.S.C. §§ 1692f.

44. RAS used unfair and unconscionable means to collect the Account from Plaintiff by (a) illegally seeking to hold her liable for the Account's alleged balance and (b) contacting her outside the presence of counsel, after knowing she was represented, in violation of 15 U.S.C. §§ 1692b (b).

45. RAS's false statements and illegal conduct in the Action illegally "threaten to take action that cannot legally be taken or that is not intended to be taken" particularly as the Action could not be brought. 15 U.S.C. §§ 1692e (5)

46. RAS misrepresented material facts to Plaintiff, of the character, status and amount of her alleged debt on the Account. 15 U.S.C. §§ 1692e (2) (a)

47. RAS repeatedly damaged Plaintiff by its abusive, illegal acts and omissions in violation of the FDCPA as to their illegal enforcement of the Account as to her, who suffered harm including emotional distress and trauma.

48. RAS is liable to Plaintiff for its misconduct per 15 U.S.C. § 1692 (k) for her actual, compensatory, consequential, nominal and punitive damages, fees and costs, for which Plaintiff demands judgment with just relief such an injunction to bar future violations.

## COUNT II: FCCPA AGAINST DEFENDANTS

49. ¶¶ 1-36 are incorporated.

50. Defendants are subject to the Florida Consumer Collection Practices Act [FCCPA] Fla. Stat. §§ 559.00 *et seq*.

51. Defendants misrepresented their right to collect the Account in the Action in the invalid Complaint and the Motions and Affidavit per the Agrement.

52. The Agrement does not comply with Fla. Stat. § 687.0304, which provides a creditor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor as Defendants admitted.

53. The Agrement lacks mention of a specific amount for its maximum credit limit under 15 U.S.C. § 1637(a)

54. The Agreement is illegal and unenforceable in the Action.

55. The false documents of Defendants in the Action violate Fla. Stat. §§ 559.72 (9) which attempt to collect the unenforceable Account from Plaintiff

56. Defendants also illegally contacted Plaintiff even after she was represented by counsel in the Action in violation of Fla. Stat. §§ 559 (18).

57. Defendants are liable for these FCCPA violations who misrepresented material facts to Plaintiff, namely her alleged debt on the Account with Target.

58. Defendants repeatedly damaged Plaintiff by their abusive, illegal acts and omissions in violation of the FCCPA as to their illegal enforcement of the Account as to her, who suffered harm including emotional distress and trauma.

59. Defendants are liable to Plaintiff for their misconduct for Plaintiff's actual compensatory, consequential, nominal and punitive damages, fees and costs under Fla. Stat. §§ 559.77 (2) for which Plaintiff demands judgment and all other just relief, including an injunction barring them from further violations.

## COUNT III: CONSPIRACY AS TO DEFENDANTS

60. ¶¶ 1-36 are incorporated.

61. Defendants had a conspiracy, a malicious combined common design to harm Plaintiff by their unlawful acts and omissions in the Action

62. Defendants committed overt acts to further the conspiracy, engaging in their illegal actions to enforce the Account in the Action and hold Plaintiff in default of the debt and effect their misconduct to harm her and they are liable.

63. The misconduct of Defendants was intentional, willful, wanton, malicious and oppressive, reckless and wanting in care, grossly negligent and consciously indifferent to its results, which they ratified for this unlawful purpose.

64. Plaintiff sustained physical and mental pain and suffering as a proximate or direct result of this conspiracy of Defendants against whom Plaintiff demands judgment for compensatory, consequential, special, nominal and punitive damages for their gross and willful misconduct, costs and just relief.

Respectfully submitted this 11th day of July 2023.

By: _/s/Paul G. Wersant_
Paul G. Wersant
FL Bar No. 48815
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff