MIDDLE DISTRICT OF FLORIDA
IN THE UNITED STATES DISTRICT COURT
ORLANDO DIVISION

KATIE ROMANO.

    Plaintiff,   CIVIL ACTION NO. 6:23-cv-1293
vs.

TD BANK N.A.
a/k/a TD BANK USA, N.A.   JURY TRIAL DEMANDED
TARGET ENTERPRISE, INC.:
RAS LAVAR, LLC.; a/k/a
ROBERTSON, ANSCHULTZ
& SCHNEID, PL.

    Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff sues the Defendants as follows:

### Introduction.

1. This action seeks recovery for violations of the Fair Debt Collection Practices Act and related misconduct against the Defendants, a lender and its parent represented by a collection law firm against the Plaintiff, an individual subjected to their misconduct regarding an alleged credit account, as shown here.

2. The above misconduct was evidenced in a state court collection action filed by the Defendants to enforce the credit account against the Plaintiff, dismissed by them as baseless for which she seeks damages and proper relief.

1

## Parties and Jurisdiction

3. Plaintiff has standing to bring this action as a consumer/borrower under 15 U.S.C. §1692 a (3), Fair Debt Collection Practices Act [FDCPA], 15 U.S.C. § 1640 *et seq*, Truth in Lending Act [TILA] and the Florida Consumer Protection Practices Act, Fla. Stat. §§ 559.55 (8) on her Credit Account obtained "primarily for personal, family, or household purposes" U.S.C. §1692 a(5).

4. Defendant TD, aliased above, is a national bank, with its principal. place of business in New Jersey whose servicer is Defendant TEI, its affiliate.

5. Defendant RAS is a Florida-based law firm, a debt collector (1) using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts"; and which " regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" under  per 15 U.S.C. §1692 a (6) such as the Account at issue through a dismissed state court action contrary to its motion [Doc 23, p. 5].

6. Per 28 U.S.C. § 1331, federal jurisdiction exists by 15 U.S.C. §§1692. (k) as this matter relates to collection of a consumer debt by RAS.

7. Supplemental jurisdiction exists over all claims under § 1367, as so related to the FDCPA claims which are part of the same case or controversy such as Plaintiff's state law claims for violations of the FCCP and malicious prosecution of the Action by the Defendants against her which they admit was baseless.

8.  Venue is proper per §1391 (b) and (d) as Defendants conduct business here where the acts and omissions at issue occurred which they ratified.

### Facts as to the Account

9.  On 11/30/22, TD filed an Action through RAS against Plaintiff, Seminole County Court, Case No. 2022-cc-004762 by a Complaint.

10. The Complaint stated it is an action for 'Account stated" and "for damages which exceed $8,000.00 but do not exceed $30,000.00 [Complaint ¶¶ 1].

11. The Complaint stated that Plaintiff "made purchases or effected cash advances through use of Target Credit Card obtained from the Plaintiff on Account number XXXXXXXXXXXX" [Complaint ¶¶ 2].

12. The Complaint stated Plaintiff and TD "had business transactions between them and agreed to the resulting balance" [Complaint ¶¶ 3].

13. The Complaint alleged that TD "rendered a statement of Account" to Plaintiff and she "owes $10099.93 that is due" to TD [Complaint ¶¶ 4-5].

14. The Complaint clearly admit that RAS is a debt collector, contrary to its frivolous and sanctionable Motion [Doc 23, pp. 5-6] which states that:

> **"THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR."** [Complaint pp. 1]

15. The Complaint included several statements from Target for the sums allegedly due and owing by Plaintiff to Defendants [Complaint Exhibit A].

3

16. No attorney made a meaningful review of the Complaint or the other documents in the Action on the Account detailed below on information and belief.

17. It appears that Defendants' processes are AI-driven for the purposes of profit, akin to a conveyor belt, without any meaningful legal review.

18. Meaningful review of the Complaint and other documents in the Action would have discovered they are replete with legal errors and omissions.

19. The documents in the Action are "communications" as defined by the FDCPA and FCCPA as the Defendants admitted in the Action.

20. This same misconduct existed in Case No. 6:17-cv-01834, settled by RAS in this Court for which they offered no legal justification.

### Facts as to the Action.

21. On 12/22/22, Plaintiff was served with the Action by Defendants.

22. On 01/18/23, counsel filed his appearance in the Action for Plaintiff as Defendants knew, whose counsel was served with that notice at that time.

23. On 03/08/23, Defendants filed a baseless Motion for "Entry of Default" in the Action, falsely alleging Plaintiff was in "default" [Motion pp. 1].

24. The Motion for "Entry of Default" was denied as Plaintiff's counsel. Appeared in the action and filed her Answer of 03/10/23 as the state court held:

"DEFAULT NOT ENTERED – ANSWER FILED 03/10/23."

25. The above is a deliberate omission in this matter by the Defendants.

4

26. On 03/8/23, Defendants filed a baseless Motion for "Default Final" Judgment alleging Plaintiff "failed to reply" to the Action and that a "Judgment should therefore be entered for relief requested in the Complaint [Motion pp. 1].

27. The Defendants then illegally mailed the Motion for "Default Final Judgment" directly to Plaintiff, ignoring her counsel of record, admitting that:

> **"I HEREBY CERTIFY that a true and correct copy of the forgoing was served this 03/08/23 as follows: via U.S. Mail to KATIE E. ROMANO, 1245 ACADEMY DRIVE, ALAMONTE SPRINGS, FL 32712-2826** [Motion, pp. 1].

28. The above mailing of the Motion by the Defendants to the Plaintiff was their intentional violation of Fla. Stat. § 559.72 (18) as it is unlawful to:

> "Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, *unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication*.."

29. Plaintiff's counsel provided no such consent and Plaintiff did not initiate the communication as shown here, omitted in the Motions [Doc 23-24].

30. The above mailing of the Motion by the Defendants to Plaintiff was their intentional violation of 15 U.S.C. §1692 c (2) (a) as "without prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt — if the debt collector

5

knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

31.     Plaintiff's counsel responded to all communications from counsel for Defendants in the Action who did not consent to any such communication.

32.     The above mailing of the Motion by the Defendants to the Plaintiff was illegal and not privileged as a deliberate violation of Fla. R. Prof. Cond. 4-4.2, prohibiting communications by lawyers with parties represented by counsel without consent which the Defendants repeatedly did to Plaintiff after her counsel appeared in the Action.

33.     On 03/08/23, Defendants filed a "Affidavit" to "support their request for judgment" in the Action which states the Account was "originated" by Plaintiff, which TD "has the right to collect" and TEI [Target Enterprise] "services and maintains the business records" for the Account on behalf of TD [Affidavit ¶¶ 2].

34.     The Affidavit stated Plaintiff "breached its Account and the credit card is in default," was "charged off" and Plaintiff is "indebted" for its "balance due and owing of 10,099.93" as "overdue and underpaid." [Aff. ¶¶ 5 (e) and (f)].

35.     Defendants again mailed the Motions and documents in the Action

directly to Plaintiff, utterly ignoring her counsel, which all state as follows:

> **[sent] via US mail to KATIE E ROMANO, 1245 ACADEMY DR , ALTAMONTE SPRINGS FL 32714-2826.**

36. The Motions violate Fla. R. Civ P. 1.500 (a) by not requesting entry of default and final default, but were illegally filed at the *same* time, an issue ignored in the baseless Motions to Dismiss of RAS [Doc 18, 23].

37. The "Court documents" in the Action also failed to state that RAS served them upon Plaintiff only after "having received no response from" her counsel [Doc 23, p 15] who validly entered his appearance in response to the Complaint under Florida law as shown here.

38. The Motions and supporting documents were not served properly on Plaintiff's counsel but again illegally served by Defendants upon Plaintiff directly, another issue conceded in the Motion [Doc 23] for which they are liable.

39. On 03/08/23, the Defendants illegally filed a "Notice of Filing Supporting Affidavit" not attached to a motion or response as required by law.

40. The Notice of Affidavit admits RAS is a debt collector, contrary to its frivolous and sanctionable Motion [Doc 23, pp. 5-7] which states that:

> **"THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR."** [Notice, pp. 1]

41. The Affidavit contains illegally false and misleading statements that

7

Plaintiff **"opened a credit card Account with TD"** and **"charged purchase to the Account"** and she **"breached its contract and the credit card Account is in default"** and the Account was **"charged off"** and she is **"indebted" to TD for "10,3993.00 in connection with the Account"** [Affidavit, pp. 1].

42. Defendants provided no factual basis for the Affidavit in the Action including its above baseless and frivolous allegations.

43. On 03/09/23, Plaintiff filed her Motion to Dismiss or Strike the Action which raised the instant issues and remained unopposed until its dismissal, any mention of which is omitted and conceded in the Motions [Doc 23-24].

44. On 04/07/23, Plaintiff served her Requests for Admissions on the instant matters in the Action to which Defendants failed to respond and admitted also omitted and conceded in the Motions [Doc 20-24]

45. The Requests to Admit No. 1-12 establish as follows:

   a. Plaintiff admits it has no standing to bring the claims at issue in this action.
   b. Plaintiff and its counsel admit they are jointly and severally liable for their misconduct at issue in this action as set forth in Defendant's operative pleadings and motions.
   c. Plaintiff admits there is no factual basis for personal and subject matter jurisdiction in this action as set forth in Defendant's operative pleadings and motions which they do not dispute.
   d. Plaintiff admits it has no factual or legal basis for any claims to this action against Defendant.
   e. Plaintiff admits that service on the Defendant is improper as to this action.
   f. Plaintiff admits it has no factual or legal basis for any motion in this action against Defendant.

    g. Plaintiff admits it has no justification or excuse for its misconduct in this action including communicating with Defendant directly without the consent of her counsel and now twice seeking default without any justifiable basis to do so on or about March 8, 2023 and April 7, 2023.

    h. Plaintiff admits the factual basis for all Motions filed by Defendant in this action, including her lack of execution of the agreements at issue and all defenses raised by her in those motions.

    i. Plaintiff admits it has no factual or legal basis to oppose any Motion filed by Defendant in this action.

    j. Plaintiff admits that Defendant is not liable any claims at in this action.

    k. Plaintiff admits its liability for Defendant's attorney's fees and costs in the sum of at least $5,000.00.

    l. Plaintiff admits that Defendant is entitled to dismissal of this prejudice and all other just relief.

46. On 04/17/23, Defendants filed a "Notice of Filing" referencing an alleged Agreement for the Account, which was illegally filed.

47. The alleged Agreement cites an illegible "signature" of Plaintiff alone and is unsigned by her as required by Fla. Stat. §725.01, which states in part:

> "No action shall be brought . . . whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized. *The cardholder agreement was not signed by Polgar, the party charged in this action. In the absence of an agreement that would satisfy the statute of frauds, the court did not err when it decided that Polgar was not liable for charges made by others on the account."* **American Express Travel Related Servs., Inc. v. Polgar**, 2000 Fla. App. LEXIS 15458, *3. (Fla. 4th DCA 2000)

48. Plaintiff denies her execution and use of the alleged Agreement for the Account for which the Defendants failed to provide evidence and admitted was

unenforceable by their dismissal of the Action as shown here.

49. The Affidavit included additional alleged statements on the Account.

50. The Notice of Filing again admits RAS is a debt collector, contrary to its frivolous and sanctionable Motion [Doc 23, pp. 5-7] which states that:

> **"THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR."** [Notice, pp. 1]

51. None of the documents filed by Defendants in the Action regarding the Account states they may be disputed by the Plaintiff in violation of the law.

52. On 07/25/23, Defendants filed a Notice of Voluntary Dismissal of the baseless Action after learning of this case as admitted to Plaintiff's counsel.

53. The Notice of Dismissal again admits RAS is a debt collector, contrary to its frivolous and sanctionable Motion [Doc 23, pp. 5-7] which states:

> **"THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR."** [Notice, pp. 1]

54. All conditions precedent to suit to occurred, are fulfilled, or waived, or their occurrence or fulfillment was unnecessary or futile.

### COUNT I: FDCPA AGAINST ALL DEFENDANTS
### [unmentioned in the Motion Doc 23]

55. ¶¶ 1-54 are incorporated

56. RAS misrepresented the right of TD and TEI to collect on

the Account in the Action and other documents referenced above which are "false, deceptive and misleading communications" under the FDCPA, 15 U.S.C. § 1692e. **_Lewis v. Marinosci Law Group, P.C_**., LEXIS 156732, *10-1 (S.D. Fla. 2013)

57. The Agrement does not comply with Fla. Stat. § 725.01 and is unenforceable against the Plaintiff as Defendants admitted.

58. The Agrement lacks mention of a specific amount for its maximum credit limit under 15 U.S.C. § 1637(a).

59. The Agrement was illegal and unenforceable in the Action.

60. The documents prior to and in the Action were intended by RAS for the purpose of illegally enforcing and collecting the Account per its false statements of its "default" to Plaintiff. 15 U.S.C. §§ 1692e (2) (a)

61. RAS's erroneous documents in the Action are "false, deceptive, or misleading representation" to collect the unenforceable Account under 15 U.S.C. §§ 1692e (10), violated § 1692f and were an "unfair or unconscionable means to collect or attempt to collect" the Account under 15 U.S.C. §§ 1692f.

62. RAS used unfair and unconscionable means to collect the invalid

Account from Plaintiff by (a) illegally seeking to hold her liable for its alleged debt (b) contacting her outside the presence of her counsel, after knowing she was represented, without his consent in violation of 15 U.S.C. §§ 1692c (a) (2).

63. RAS "threatened to take action that cannot legally be taken or that is not intended to be taken" as the Action was invalid, which could not be brought and was instead voluntarily dismissed as baseless. 15 U.S.C. §§ 1692e (5)

64. RAS misrepresented material facts to Plaintiff, of the character, status and amount of her alleged debt on the Account in the Action as shown by its record, which the Defendants failed to disclose here. 15 U.S.C. §§ 1692e (2) (a)

65. RAS also misrepresented being a debt collector under the FDCPA in its baseless Motion [Doc 23, 5-6] contrary to its above admissions in the Action, which it counsel failed to disclose to this Court in violation of their duty of candor under Fla. R. Prof. Conduct 3.3 for which they should be disciplined.

66. RAS also baselessly claims Plaintiff's FDCPA claim is barred by the litigation privilege in its baseless Motion, another misrepresentation of law, just as Defendants did in the Action against the Plaintiff [Doc 6, p. 2-3].

67. RAS also deliberately omitted to disclose its dismissal of the Action to the Court in its baseless Motion [Doc 23] for which it should be sanctioned.

68. RAS repeatedly damaged Plaintiff by its abusive, illegal acts and omissions in violation of the FDCPA as to their illegal enforcement of the Account and Action as to her, who suffered harm including emotional distress and trauma.

69. RAS is liable to Plaintiff under 15 U.S.C. § 1692 (k) for her actual, compensatory, consequential, nominal, and punitive damages per Fla. Stat. §768.72. attorney's fees and costs, for which she demands judgment along with all just relief such an injunction to bar future violations by RAS.

## COUNT II: FCCPA AGAINST DEFENDANTS

70. ¶¶ 1-54 are incorporated.

71. Defendants are subject to the Florida Consumer Collection Practices Act [FCCPA] Fla. Stat. §§ 559.00 *et seq*.

72. Defendants misrepresented their right to collect the Account in the Action in the invalid Complaint and the Motions and Affidavit and the Agrement.

73. The Agreement is illegal and unenforceable in the Action.

74. The false documents of Defendants in the Action violate Fla. Stat. §§ 559.72 (9) which attempt to collect the unenforceable Account from Plaintiff

75. Defendants also illegally contacted Plaintiff even after she was represented by counsel in the Action in violation of the FCCPA as shown above.

76. Defendants are liable for these FCCPA violations who misrepresented material facts to Plaintiff, namely her alleged debt on the Account with Target.

77. Defendants repeatedly damaged Plaintiff by their abusive, illegal acts and omissions in violation of the FCCPA as to their illegal enforcement of the Account as to her, who suffered harm including emotional distress and trauma.

78. Defendants are liable to Plaintiff for their misconduct for Plaintiff's actual compensatory, consequential, nominal, and punitive damages, per Fla. Stat. §768.72. fees and costs under Fla. Stat. §§ 559.77 (2) for which Plaintiff demands judgment and all just relief, including an injunction barring their further violations.

## COUNT III: MALICIOUS PROSECUTION

79. ¶¶ 1-54 are incorporated.

80. Defendants brought their improper, abusive, frivolous claims in the Action against Plaintiff, which had to respond to, oppose and defend those matters.

81. The claims in the Action lacked probable cause as there was no reasonable basis for Defendants to assert them against Plaintiff as admitted here.

82. Defendants lied about and misrepresented the issues in the Action and otherwise broke the law by bringing it as they admitted.

83. The Action terminated in favor of Plaintiff per its above dismissal. which was patently frivolous and lacked any merit as Defendants admitted.

84. The claims in the Action lacked probable cause as there was no reasonable basis for Defendants to assert them against Plaintiff.

85. Defendants maliciously prosecuted their claims to harass, harm and coerce Plaintiff to pay the Account for their self-profit.

86. Plaintiff was actually and proximately damaged by the baseless Action, incurring fees and costs in defending it, also impacting her credit.

87. This matter is not barred by the litigation privilege, contrary to the Motions [Doc 23-24, p. 5-7]. **_Fisher v. Debincat_**, 217 So.3d. 68 (2015).

88. Plaintiff demands judgment as to Defendants for compensatory, consequential, and special damages for their malicious prosecution of the Action, her fees and costs for its defense and punitive damages per Fla. Stat. §768.72.

## CERTIFICATE OF SERVICE

I certify that a precise copy of this document was filed and served via the Court's CM/ECF filing system sending notice to counsel of record in this matter on the below date.

Respectfully submitted this 25th day of October 2023.

        By:   <u>*/s/Paul G. Wersant*</u>
             Paul G. Wersant
             Florida Bar No. 48815
             3245 Peachtree Parkway, Suite D-245
             Suwanee, Georgia 30024
             Telephone: (678) 894-5876
             Email: pwersant@gmail.com
             Attorney for Plaintiff