UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| KATIE ROMANO,<br><br>       Plaintiff,<br><br>       v.<br><br>TD BANK, N.A.;<br>TARGET ENTERPRISE, INC.<br>RAS LAVAR, LLC,<br><br>       Defendants. | Civil Action No. 6:23-cv-1293 |

## DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

Defendants TD Bank USA, N.A. ("TD Bank")[1] and Target Corporation ("Target")[2] (collectively the "TD Bank Defendants") hereby move to dismiss Plaintiff Katie Romano's ("Plaintiff") Amended Complaint (ECF No. 31) with prejudice for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

Plaintiff's Amended Complaint advances the same claim against the TD Bank Defendants pursuant to the Florida Consumer Protection Practices Act ("FCCPA")

---

[1] TD Bank USA, N.A. was improperly named herein as TD Bank, N.A. TD Bank USA, N.A. is the entity that issued Plaintiff's credit card account.
[2] Target Corporation was improperly named herein as Target Enterprise, Inc. Target Corporation is the entity that services Plaintiff's credit card account.

as her original complaint. The substantive difference between the two complaints as relevant to the TD Bank Defendants is that, in the Amended Complaint, Plaintiff drops her conspiracy claim—seemingly aware that it is barred by Florida's litigation privilege—in favor of a malicious prosecution claim, which is not protected by the litigation privilege.

As with the original complaint, the Amended Complaint alleges a battery of purported misconduct arising from a state court collection action that TD Bank filed against Plaintiff seeking to collect on the outstanding balance on Plaintiff's TD Bank-owned, Target-branded credit card account. The entire premise of the instant lawsuit against the TD Bank Defendants is to advance objections to the collection action in the form of FCCPA and malicious prosecution claims. Yet, the TD Bank Defendants' alleged actions—which necessarily occurred during the collection action and are directly related thereto—are protected by Florida's litigation privilege, which precludes a claim premised on a statute, such as the FCCPA, where the underlying alleged action is intertwined with litigation activity. Moreover, Plaintiff's malicious prosecution claim fails as a matter of law because a voluntary dismissal without prejudice does not constitute a "favorable termination" of the original proceeding. For these reasons and those set forth below, Plaintiff's Amended Complaint should be dismissed.

Civil Action No. 6:23-cv-1293

# FACTS ALLEGED IN THE AMENDED COMPLAINT

Plaintiff alleges that on November 30, 2022, TD Bank, via collection counsel and co-defendant herein Ras LaVrar, LLC ("Ras"), initiated a collection action (the "Action") against her by filing a complaint in Seminole County Court under case number 2022-cc-004762, attempting to collect on a TD Bank-owned, Target-branded credit card account (the "Account"). (Am. Compl., ECF No. 31, at ¶ 9). Plaintiff claims that the complaint was not "meaningful[ly] review[ed]" by an attorney. (*Id.* at ¶ 16). On this and other unspecified bases, Plaintiff appears to argue that the complaint was "replete with legal errors and omissions." (*Id.* at ¶ 18).

Plaintiff further alleges that TD Bank improperly filed numerous documents in the Action, including, but not limited to, a motion for "entry of default" and a motion for "default final judgment," which were purportedly improperly filed at the same time (*id.* at ¶¶ 23, 26, 36), and an affidavit in support of TD Bank's request for judgment that detailed the delinquency on the Account. (*Id.* at ¶¶ 33, 34). Plaintiff alleges that copies of these default documents filed in the Action were mailed directly to Plaintiff, "utterly ignoring her counsel," who had filed an appearance in the Action several months prior to TD Bank's filing of the motions for default. (*Id.* at ¶¶ 35, 38). Plaintiff also alleges that, after she filed a motion to dismiss and discovery demands in the Action, TD Bank filed a "notice of filing," which referenced the agreement associated with the Account, as well as an affidavit that

3

Civil Action No. 6:23-cv-1293

"included additional alleged statements on the Account." (*Id.* at ¶¶ 46, 49).

Plaintiff appears to deny that she ever executed the Account agreement and claims that the agreement cites an "illegible 'signature' of Plaintiff alone and is unsigned by her as required by Fla. Stat. § 725.01." (*Id.* at ¶¶ 47, 48). Plaintiff claims that "[n]one of the documents" filed by TD Bank in the Action "state that they may be disputed by the Plaintiff in violation of" an unspecified "law." (*Id.* at ¶ 51).

Plaintiff advances two claims against the TD Bank Defendants. First, Plaintiff claims that they violated the FCCPA on the grounds that "the false documents of [the TD Bank Defendants] in the Action . . . attempt to collect the unenforceable Account from Plaintiff" (*id.* at ¶ 74), and on the grounds that the TD Bank Defendants "illegally contacted Plaintiff even after she was represented by counsel in the Action," by mailing to her copies of the as-filed default documents, in violation of Fla. Stat. § 559.72(18). (*Id.* at ¶ 28, 76). Second, Plaintiff alleges a malicious prosecution claim based on the Action on the grounds that, *inter alia*, the Action was "improper, abusive, [and] frivolous" and "lacked probable cause as there was no reasonable basis for Defendants to assert [the claims] against Plaintiff." (*Id.* at ¶¶ 80, 81). Plaintiff does not plausibly advance any federal law claims against the TD Bank Defendants.[3]

---

[3] In the Amended Complaint, Plaintiff modified the heading for Count I for violation of the Fair Debt Collection Practices Act to be applicable to "All Defendants," and not just co-defendant Ras as pleaded in the original complaint. Count I of the Amended Complaint is, in sum and substance,

4

At the time the instant case was filed, the Action was still pending in Seminole County Court. TD Bank has since voluntarily dismissed the case without prejudice. *See TD Bank USA, N.A. v. Katie E. Romano*, 2022CC004762, Filing #178222422 (18th Jud. Cir., Seminole Cnty. July 25, 2023).

## MEMORANDUM OF LAW

### I.   STANDARD OF REVIEW

#### a. Motion to Dismiss

When a complaint fails to state a claim upon which relief can be granted, dismissal is warranted. Fed. R. Civ. P. 12(b)(6). Courts reviewing a motion to dismiss "must limit their consideration to the well-pleaded allegations." *Infinity Exhibits, Inc. v. Certain Underwriters at Lloyd's London Known as Syndicate PEM 4000, et al.*, No. 8:20-cv-1605-T-30AEP, 2020 WL 5791583, at *3 (M.D. Fla. Sept. 28, 2020) (citation omitted). A complaint may not rest on legal conclusions and "naked assertion[s] devoid of further factual enhancement," which are not entitled to an assumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 664, 678 (2009) (citation and internal quotations omitted). Likewise, "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).

---

identical to Count I in the original complaint and does not advance any specific facts against the TD Bank Defendants nor does it allege that the TD Bank Defendants are debt collectors under the FDCPA. Regardless, Plaintiff cannot maintain an FDCPA claim against the TD Bank Defendants because the account originated therewith and original creditors are not "debt collectors" within the meaning of the FDCPA. *See* 15 U.S.C. § 1692a(6)(F)(ii); *Helman v. Bank of Am.*, 685 F. App'x 723, 726 (11th Cir. 2017).

To withstand a Rule 12(b)(6) motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible only when the factual allegations are "enough to raise a right to relief above the speculative level," *id.* at 555, and are sufficient to "allow[] the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### b. Florida Litigation Privilege

The Supreme Court of Florida recognizes an absolute litigation privilege that must be "offered to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior . . . so long as the act has some relation to the proceeding." *Solis v. CitiMortgage, Inc.*, No. 16-20610-Civ-Scola, 2016 U.S. Dist. LEXIS 150517, at *8 (S.D. Fla. Oct. 26, 2016) (citing *Levin, et al. v. United States Fire Ins. Co.*, 639 So.2d 606 (Fla. 1994)); *see also generally Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380 (Fla. 2007). This litigation privilege applies to violations of Florida common law and state statutes, including the FCCPA. *See Acosta v. Gustino*, No: 6:11-cv-1266-Orl-31GJK, 2013 U.S. Dist. LEXIS 163697, at *17-18 (M.D. Fla. Nov. 18, 2013); *see also Solis*, 2016 U.S. Dist. LEXIS 150517, at *9 (dismissing plaintiff's FCCPA claim premised on the filing of a foreclosure action on the grounds that the claim was barred by Florida's litigation privilege);

*Pack v. Unifund CCR Partners, G.P.*, No. 8:07-cv-1562-T-27EAJ, 2008 U.S. Dist. LEXIS 117481, at *15-17 (M.D. Fla. Feb. 22, 2008) (holding that claims under the FCCPA were barred by the state court lawsuit and litigation privilege), *report & recommendation adopted by* 2008 U.S. Dist. LEXIS 21182 (M.D. Fla. Mar. 13, 2008); *Echevarria*, 950 So. 2d at 384 ("The litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin.").

The applicability of the privilege is not affected by whether or not the facts at issue surrounding said privilege are alleged to have been rooted in falsity. *See Davidson v. Capital One, N.A.*, No. 14-20478-CIV, 2014 U.S. Dist. LEXIS 104639, at *16 (S.D. Fla. July 31, 2014) ("The filing and maintenance of a lawsuit is plainly protected by Florida's litigation privilege, and the fact [the plaintiff] alleges the foreclosure suit was meritless because it contained false allegations is not relevant to the inquiry."); *see also Dyer v. Choice Legal Grp. P.A.*, No. 5:15-cv-69-Oc-30PRL, 2015 U.S. Dist. LEXIS 757783, at *5 (M.D. Fla. June 11, 2015) ("Whether or not the action is legitimate or premised upon misrepresentations, as alleged by Plaintiff, does not affect the application of the litigation privilege."). The litigation privilege may be used by the court in resolving a motion to dismiss when "'the complaint affirmatively and clearly shows the conclusive applicability' to the defense to bar the action." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1277

(11th Cir. 2004) (citing *Reisman v. Gen. Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1988)); *see also Acosta*, 2013 U.S. Dist. LEXIS 163697, at *12 ("[T]he Florida courts have . . . made it abundantly clear that any affirmative defense, including the litigation privilege, may be considered in resolving a motion to dismiss . . . .") (quoting *Jackson*, 372 F.3d at 1277).

## II. THE TD BANK DEFENDANTS ARE IMMUNE FROM LIABILITY UNDER THE FCCPA FOR ACTS ALLEGEDLY COMMITTED IN FILING AND PROSECUTING THE ACTION

Plaintiff's FCCPA claim against the TD Bank Defendants arises solely from the filing and maintenance of a state court collection action that has ultimately been dismissed. The core of Plaintiff's allegations are that "Defendants misrepresented their right to collect the Account *in the Action*" (Compl., ECF No. 31, at ¶ 72 (emphasis added)), that the "false documents of Defendants *in the Action* violate Fla. Stat. §§ 559.72 (9)" (*id.* at ¶ 74 (emphasis added)), and that TD Bank "illegally contacted Plaintiff" by mailing "motions and documents *in the Action* directly to Plaintiff" in violation of the FCCPA. (*Id.* at ¶¶ 35, 75) (emphasis added). All of these alleged actions, however, necessarily occurred during the course of the judicial proceeding (*i.e.*, the Action) and are directly related to such proceeding. Plaintiff advances no facts that suggest otherwise. The TD Bank Defendants' conduct falls squarely within Florida's broad litigation privilege. *See, e.g.*, *Dyer*, 2015 U.S. Dist. LEXIS 75783, at *2-7 (dismissing plaintiff's FCCPA claim arising from defendants'

activities in prosecuting a foreclosure action against plaintiff on the grounds that the "filing and maintenance of a legal action . . . is precisely the kind of activity protected by Florida's litigation privilege"); *Lima v. Bank of Am., N.A.*, 249 F. Supp. 1308, 1313 (S.D. Fla. 2017) (dismissing plaintiff's Fla. Stat. § 559.72(9) claim on the grounds that "Florida's litigation privilege precludes an FCCPA claim in federal court based solely on the defendant's filing of a collection action in Florida state court"); *Echevarria*, 950 So. 2d at 384 n.2 ("In addition to numerous traditional defamation claims, courts in Florida have applied *Levin* to uphold the use of the privilege in such diverse actions as civil conspiracy . . . ."). Accordingly, the FCCPA claim against the TD Bank Defendants must be dismissed.

### III.   PLAINTIFF'S FCCPA CLAIM FAILS UNDER FLA. STAT. § 725.01

To the extent Plaintiff purports to argue that the TD Bank Defendants violated the FCCPA because the Account agreement does not comport with Fla. Stat. § 725.01, Florida's statute of frauds, and is therefore unenforceable against Plaintiff (Am. Compl., ECF No. 30, at ¶¶ 47, 57, 73), this argument is incorrect. As an initial matter, any affirmative claim premised on the statute of frauds fails because the statute does not provide a private right of action. Rather, it is an affirmative defense to an action to enforce a contract. *See, e.g.*, *Trans World Marine Corp. v. Threlkeld*, 201 So. 2d 614, 614 (Fla. Ct. App. 3d Dist. 1967) ("It is the law in Florida that failure to comply with the Statute of Frauds is an affirmative defense . . . .").

Even so, as she did in her original complaint vis-à-vis Fla. Stat. § 687.0304, Plaintiff plainly misrepresents the actual text of that statutory provision and its applicability to the instant Account. As specifically quoted by Plaintiff in the Amended Complaint, Fla. Stat. § 725.01 states, in relevant part: "Promise to pay *another's debt*, etc. No action shall be brought whereby to charge . . . the defendant upon any special promise to answer for the debt, default or miscarriage of *another person* . . . ." Fla. Stat. § 725.01 (emphasis added). Yet, there is no allegation here that the TD Bank Defendants sought to make Plaintiff liable for charges made to the Account by another person. Simply because Plaintiff denies "her execution and use of the alleged Agreement for the Account" (Am. Compl., ECF No. 31, at ¶ 48), this does not automatically transform the debt associated with the Account into one incurred by *another person*. Plaintiff makes no allegation that the Account was opened fraudulently or as a result of identity theft, that the credit card was stolen or lost and used to make unauthorized purchases, or that there was an authorized user on the Account that made charges separate and apart from Plaintiff.

A reading of the case Plaintiff cites to in support of this proposition, *American Express Travel Related Servs. v. Polgar*, No. 4D00-1455, 2000 Fla. App. LEXIS 15458 (Fla. Ct. App. 4th Dist., Nov. 29, 2000), demonstrates how inapposite it is to the case at bar. There, plaintiff American Express sought to hold defendant Polgar individually liable for charges made by other individuals to a corporate credit card

account opened in the name of the company Polgar worked for. *Id.* at *1-2. The trial court entered judgment against Polgar for the charges *he* made to the account, but declined to hold him individually liable for the charges made by others. *Id.* at *2. The Fourth District Court of Appeals affirmed the trial court's decision that Polgar was not liable for the charges made by others on the grounds that "[t]he statute of frauds requires a signed writing in actions charging the defendant *with the debt of another*." *Id.* at *3 (emphasis added). Because Polgar did not sign the relevant cardholder agreement, the appellate court reasoned, "the trial court did not err when it decided that Polgar was not liable for charges *made by others* on the account." *Id.* at *2-3 (emphasis added).

No such facts are alleged in the case at bar and Plaintiff provides no context for her invocation of this statutory provision. Instead, it appears as though she has just cherry picked a statute that may appear convincing at first blush, but after further consideration reveals itself entirely inapplicable to the Account and facts at issue in this action. Indeed, Plaintiff's reading of Fla. Stat. § 725.01 would likely render invalid virtually any account agreement that is unsigned by a consumer-debtor[4] and

---

[4] To be clear, Plaintiff did not sign the credit card agreement governing the Account. Instead, she signed the account application and, in so doing, agreed to be bound by the terms of the credit card agreement. *See TD Bank USA, N.A. v. Romano*, 2022-cc-004762, No. 20 (Notice of Filing Cardmember Agreement & Application) (Seminole Cnty. Ct. April 17, 2023).

upon which a collection action is thereafter initiated—a very commonplace occurrence in modern day extensions of consumer credit.

IV.  **PLAINTIFF'S FLA. STAT. § 559.72(18) CLAIM FAILS BECAUSE THE COURT FILINGS IN THE ACTION ARE NOT "COMMUNICATIONS" WITHIN THE MEANING OF THE FCCPA**

Plaintiff's claim that the TD Bank Defendants violated Fla. Stat. § 559.72(18) by mailing to her copies of the documents filed in the Action when they knew she was represented by counsel fails as a matter of law because those documents are not "communications" within the meaning of the FCCPA. Under the FCCPA, "communication" means "the conveying of information regarding a debt directly or indirectly to any person through any medium." Fla. Stat. § 559.55(2). Because the term "communication" is defined identically in the federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA"), this Court has recognized that "when applying the provisions of the FCCPA, great weight shall be given to the interpretations of . . . the federal courts relating to the FDCPA." *Leahy-Fernandez v. Bayview Loan Servicing, LLC*, 159 F. Supp. 3d 1294, 1305 (M.D. Fla. 2016) (citation omitted); *see also* Fla. Stat. § 559.77(5) ("In applying and construing this section, due consideration and great weight shall be given to the interpretations of . . . the federal courts relating to the federal Fair Debt Collection Practices Act.").

To that end, courts in the Eleventh Circuit, including this Court, have routinely recognized that under the FDCPA, "the term 'communication' . . . does not include

a 'legal action' or pleadings or orders connected therewith." *McKnight v. Leo Benitez & Benitez & Assocs.*, 176 F. Supp. 2d 1301, 1308 (M.D. Fla. 2001). Moreover, courts in this Circuit have gone a step further and held that all "related papers" in a legal action are also excluded from the definition of "communication." *Rajbhandari v. U.S. Bank*, 305 F.R.D. 689, 693 (S.D. Fla. 2015) ("The Eleventh Circuit holds that a legal action, its pleadings, and related papers and correspondence cannot constitute 'communications' under the FDCPA.") (citing *Vega*, 351 F.3d at 1337); *see also Bruce v. U.S. Bank N.A.*, 770 Fed. App'x 960, 965 n.6 (11th Cir. 2019) ("This Court has explicitly held that 'the term "communication" as used [in the FDCPA] does not include a "legal action or pleading"' or the related orders. Thus, the 2016 and 2017 communications identified by the [plaintiffs] cannot be used to sustain a FDCPA claim.") (quoting *Vega*, 351 F.3d at 1337)). Accordingly, the default documents mailed to Plaintiff are not "communications" under the FCCPA, but are "related papers" that were filed "strictly within the bounds" of the Action. *Purser v. Weinstock & Scarvo, P.C.*, No. 1:08-CV-2466-CAP-CCH, 2008 U.S. Dist. LEXIS 139010, at *34 (N.D. Ga. Nov. 6, 2008) ("If a legal action cannot be considered an 'initial communication' under the FDCPA, it follows that other types of contact that occur <u>strictly within the bounds of a legal action</u> – such as depositions, interrogatories and other methods of discovery – would also not be considered a 'communication' under the FDCPA.") (emphasis added), *report & recommendation*

13

*adopted*, 2009 U.S. Dist. LEXIS 149056 (N.D. Ga. Jan. 8, 2009), *aff'd*, 325 F. App'x 902 (11th Cir. 2009).

Importantly, simply because a document contains the boilerplate language such as "this is an attempt to collect a debt" does not, without more, automatically transform that document into a communication in connection with the collection of a debt. *See Heagerty v. Amip Mgmt.*, 1:20-cv-02727-SCJ-RGV, 2021 U.S. Dist. LEXIS 121652, at *23-24 (N.D. Ga. April 20, 2021) (citing cases). Indeed, it is clear that, when considered as a whole, the documents filed in the Action reveal that their purpose was not collection of a debt, but communication related to the Action against Plaintiff. Plaintiff's FCCPA claim must therefore be dismissed.

## V. PLAINTIFF'S MALICIOUS PROSECUTION CLAIM FAILS

Plaintiff abandons her conspiracy claim in the Amended Complaint, seemingly aware of the fact that, as set forth in the TD Bank Defendants' motion to dismiss the original complaint (ECF No. 24), it is barred by Florida's litigation privilege. In its stead, Plaintiff alleges a malicious prosecution claim against the TD Bank Defendants arising out of the filing of the Action, which Plaintiff claims "lacked probable cause as there was no reasonable basis for Defendants to assert them against Plaintiff" and for which she received a favorable termination "per its above dismissal." (Am. Compl., ECF No. 31, at ¶¶ 81, 83). Plaintiff claims that Defendants "lied about and misrepresented the issues in the Action and otherwise

14

broke the law by bringing it" and "maliciously prosecuted their claims to harass, harm and coerce Plaintiff to pay the Account for their self-profit." (*Id.* at ¶¶ 82, 85).

To state a claim for malicious prosecution, a plaintiff must establish six elements:

> (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) the present defendant brought the original cause of action against the present plaintiff, who was defendant in the original proceeding; (3) a bona fide termination of the original proceeding in favor of the present plaintiff; (4) the absence of probable cause for such original proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.

*Nassar v. Nassar*, 20-CV-14033, 2022 U.S. Dist. LEXIS 91732, at *5 (S.D. Fla. April 27, 2022) (citing *Burns v. GCC Beverages, Inc.*, 502 So. 2d 1217, 1218 (Fla. 1986); *Debrincat v. Fischer*, 217 So. 3d 68, 70 (Fla. 2017)). "The failure of a plaintiff to establish any one of these six elements is fatal to a claim of malicious prosecution." *Id.* (quoting *Alamo Rent-A-Car, Inc. v. Mansuci*, 632 So. 2d 1352, 1355 (Fla. 1994)).

Plaintiff's malicious prosecution claim against the TD Bank Defendants fails as a matter of law because the Action was voluntarily dismissed against Plaintiff without prejudice, which does not constitute a "bona fide termination of the original proceeding" in Plaintiff's favor. "Suits that terminate because of technical or procedural reasons or considerations other than the merits of the first suit, are not 'bona fide terminations' and will not support a malicious prosecution suit." *Nassar*,

2022 U.S. Dist. LEIS 91732, at *6 (quoting *Valdes v. GAB Robins N.A., Inc.*, 924 So. 2d 862, 866 (Fla. Dist. Ct. App. 2006)). Importantly, a "dismissal *without prejudice* does not support a finding that [a] proceeding terminated in favor of" the plaintiff. *Cowan v. MTGLQ Investors, L.P.*, 2:09-cv-472-FtM-29SPC, 2011 U.S. Dist. LEXIS 65356, at *11 (M.D. Fla. June 17, 2011) (citing cases) (emphasis added); *see also Deboskey v. Suntrust Mortg., Inc.*, 8:14-cv-1778-MSS-TGW, 2017 U.S. Dist. LEXIS 160017, at *21 (M.D. Fla. Sept. 14, 2017) (dismissing plaintiff's malicious prosecution claim with prejudice on the grounds that "a malicious prosecution claim cannot be premised on a foreclosure action that was dismissed without prejudice") (citing *Cowan*, 2011 U.S. Dist. LEXIS 65356, at *11); *Harty v. Ross Dress for Less, Inc.*, 8:14-cv-1778-MSS-TGW, 2017 U.S. Dist. LEXIS 160017, at *3 (M.D. Fla. Jan. 5, 2012) (citations omitted) ("A dismissal without prejudice is not an adjudication on the merits and cannot, therefore, support a finding that plaintiff was a prevailing party."); *Gill v. Kostroff*, 82 F. Supp. 2d 1354, 1365 (M.D. Fl. 2000) ("Voluntary dismissals are not considered bona fide terminations.").

While there are some cases in the Eleventh Circuit that hold that a voluntary dismissal may constitute a favorable termination on the merits where the dismissal "is of such a nature as to indicate the innocence of the accused," *Hall v. Sargeant*, 2018 U.S. Dist. LEXIS 171009, at *29 (S.D. Fla. Oct. 1, 2018) (quoting *Union Oil of California Amsco Div. v. Watson*, 468 So.2d 349, 354 (Fla. 3d Dist. Ct. App.

1985), such as in circumstances where "the defendant did not have a factual or evidentiary basis to support the action," *Pelletier v. Estes Groves, Inc.*, 16-CV-14499, 2018 U.S. Dist. LEXIS 236399, at *24 (S.D. Fla. March 28, 2018), the Amended Complaint sets forth no such facts that plausibly suggest that the Action was dismissed because the TD Bank Defendants believed it lacked merit in the first instance. Instead, the Amended Complaint merely expresses Plaintiff's misgivings with the original proceeding and does not elucidate any facts indicating that the TD Bank Defendants dismissed the Action because they believed that Plaintiff was not responsible for the Account or that the case lacked any factual or evidentiary basis. Indeed, the dismissal of the Action *without prejudice* reflects the TD Bank Defendants' reservation of the right to re-file the Action against Plaintiff at a later date.

Aside from conclusorily stating that the Action was "patently frivolous and lacked any merit," the only thing the Amended Complaint *does* say about the dismissal of the Action is that it was dismissed on account of the filing of the instant matter. (*See* Am. Compl., ECF No. 31, at ¶ 52 ("On 07/25/23, Defendants filed a Notice of Voluntary Dismissal of the baseless Action after learning of this case as admitted to Plaintiff's counsel."[5])). Yet, this does not evidence a lack of probable

---

[5] It is unclear, and not elaborated upon in the Amended Complaint, what Plaintiff means by "as admitted to Plaintiff's counsel."

cause or evidentiary basis to bring the Action. Accordingly, Plaintiff's malicious prosecution claim fails as a matter of law and must be dismissed.

## VI.   CONCLUSION

Because the TD Bank Defendants' alleged conduct occurred during the course of the Action and were related thereto, Plaintiff's claim for violation of the FCCPA is barred by Florida's litigation privilege. Moreover, Plaintiff's malicious prosecution claim fails as a matter of law because Plaintiff did not receive a bona fide termination in her favor of the Action. Accordingly, the claims against the TD Bank Defendants should be dismissed with prejudice.

WHEREFORE, TD Bank and Target respectfully request this Court enter an order dismissing Plaintiff's Amended Complaint with prejudice, and any other relief this Court deems proper.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that on November 15, the undersigned met and conferred via telephone with counsel for Plaintiff in a good-faith effort to resolve this Motion, however, counsel for the parties were unable to resolve this Motion.

Respectfully submitted,

**HINSHAW & CULBERTSON LLP**

*s/Barbara Fernandez*
Barbara Fernandez, Esq.
Florida Bar No. 0493767
bfernandez@hinshawlaw.com

78635\315180523.v1

Civil Action No. 6:23-cv-1293

2525 Ponce de Leon Blvd., Fourth Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Attorneys for TD Bank USA, N.A. and Target Corporation*

19

78635\315180523.v1

Civil Action No. 6:23-cv-1293

## CERTIFICATE OF SERVICE

I HEREBY certify that on November 16, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will automatically send a notice of electronic filing to all CM/ECF participants.

/s/ *Barbara Fernandez*
Barbara Fernandez, Esq.

## SERVICE LIST

Paul G. Wersant, Esq.
3245 Peachtree Parkway, Suite D-245
Suwanee, GA 30024
Tel.: 678-894-5876
E-mail: pwersant@gmail.com
*Attorney for Plaintiff*

Keith Robert Lorenze
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Tel.: 561-241-6901
E-mail: klorenze@raslg.com
*Attorneys for Defendant*
*Ras LaVrar LLC*

78635\315180523.v1